NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| STEPHEN P. ARNOT, Chapter 7 Trustee for the Estate of Jason Daniel Neel and Connie Lee Neel, | ) ) ) | No. 17-35856 |
| | ) | D.C. No. 3:17-cv-00591-MO |
| Plaintiff-Appellant, | ) ) | MEMORANDUM* |
| v. | ) ) | |
| SERVICELINK TITLE COMPANY OF OREGON, FKA LSI Title Company of Oregon, LLC, | ) ) ) ) | |
| Defendant-Appellee. | ) ) | |
| STEPHEN P. ARNOT, Chapter 7 Trustee for the Estate of Robert W. Christensen and Marlene J. Christensen, | ) ) ) ) | No. 17-35857 |
| | ) | D.C. No. 3:17-cv-00592-MO |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| DAVID A. WEIBEL; U.S. BANK, N.A., as Trustee, | ) ) | |
| Defendants-Appellees. | ) ) ) | |

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted November 6, 2018
Portland, Oregon

Before: FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,[**] District Judge.

Stephen P. Arnot, as bankruptcy trustee of the reopened bankruptcy estate of Jason and Connie Neel and the reopened bankruptcy estate of Robert and Marlene Christensen, appeals the district court's grant of summary judgments against him.[1] The summary judgment in No. 17-35856 was in favor of ServiceLink Title Company of Oregon,[2] the entity named as the foreclosing trustee at the time of the foreclosure on the Neels' property.  The summary judgment in No. 17-35857 was in favor of David A. Weibel, the person named as a foreclosing trustee on the Christensen property, and U.S. Bank, as trustee, which is the successor trustee of

---

[**]The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

[1]Hereafter references to "the Debtors" will include all of the debtors in the bankruptcies.

[2]ServiceLink was formerly known as LSI.  Hereafter ServiceLink will be referred to as LSI.

the trust entity that was the purchaser at the foreclosure sale.[3]  Arnot asserts that the district court erred because the causes of action he asserts against the Foreclosure Parties were not listed in the Debtor's schedules[4] and, therefore, were not abandoned when the bankruptcy estates were closed.[5]  We agree and reverse.

When the Debtors filed their bankruptcy petitions, none of their petitions listed the causes of action[6] that Arnot now seeks to pursue.  That did not prevent those causes of action from becoming part of the assets of the bankruptcy estates, and no party asserts that it did.  No doubt the Debtors had the duty to list claims that they knew about when they filed the petition or learned about during the bankruptcy proceedings,[7] but no party asserts that they breached that duty.  Nor is there a claim that the original bankruptcy trustee knew of those assets.  Therefore, we deem any claims of knowledge to be waived.  *See Martinez v. Sessions*, 873

---

[3]Hereafter references to "the Foreclosure Parties" will include all of the parties in whose favor summary judgment was given.

[4]*See* 11 U.S.C. § 521(a)(1).

[5]*See* 11 U.S.C. § 554(c).

[6]Of course, causes of action are assets of the debtor in bankruptcy.  *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9, 103 S. Ct. 2309, 2313 n.9, 76 L. Ed. 2d 515 (1983).

[7]*See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001).

F.3d 655, 660 (9th Cir. 2017); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). That leaves us with the uncomplicated words of the relevant statutory provision: "[A]ny property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned." 11 U.S.C. § 554(c); *see also id.* § 521(a)(1). Plainly, the causes of action that Arnot seeks to pursue were not listed anywhere in the petitions, and it follows that they were not scheduled.[8] Nor were they administered. Therefore, despite the closing of the cases, they remained part of the bankruptcy estates of the Debtors. *See Cusano v. Klein*, 264 F.3d 936, 945–46 (9th Cir. 2001); *Stein v. United Artists Corp.*, 691 F.2d 885, 891 (9th Cir. 1982); *cf. Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1439 (9th Cir. 1993) (O'Scannlain, J., concurring) ("Nowhere . . . is the reason why a debt was omitted from the bankruptcy schedules made relevant to the discharge of that debt.").[9] Therefore, Arnot had

---

[8]Arnot seeks to have us conduct a periplus of the territory covered by the word "scheduled" in § 554(c), but we decline to do so. Whatever that word encompasses, the causes of action were not listed at all. Thus, its scope is not relevant to this disposition.

[9]*See White v. Nielsen (In re Nielsen)*, 383 F.3d 922, 925 (9th Cir 2004) (generally adopting "the reasoning of the concurrence [in *Beezley*].")

standing to pursue them.[10]

REVERSED.

---

[10]We decline to rule upon the various other defenses raised by the Foreclosure Parties. They should be addressed by the district court in the first instance. *See Diouf v. Mukasey*, 542 F.3d 1222, 1235 (9th Cir. 2008); *Badea v. Cox*, 931 F.2d 573, 575 n.2 (9th Cir. 1991).